STATE of Maine

v.

Bruce FRANCIS.

Supreme Judicial Court of Maine.

Submitted on Briefs June 19, 1992.

Decided July 17, 1992.

Michael Carpenter, Atty. Gen., Janet M. McClintock, Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for plaintiff.

Gail Fisk Malone, Paul W. Chaiken, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Defendant Bruce Francis appeals his conviction for assault (Class D) (17–A M.R.S.A. § 207 (1983)) following a jury trial in the

Superior Court (Washington County, *Beaulieu, J.*). Francis's sole contention on appeal is that the admission in evidence of the victim's hospital records without the presence of the treating physician who prepared them violated his right to confront witnesses under the sixth amendment to the United States Constitution. Discerning no error in the admission of the records, we affirm the conviction.

The evidence was disputed. The State's evidence disclosed that Francis, a part-time deputy sheriff with the Washington County Sheriff's Department, had arrested Richard Bailey and Mary Polches in Princeton after a disturbance,[1] and was transporting them to the Washington County Jail in Machias. On the way to the county jail, Francis stopped his car[2] and pulled Bailey from the vehicle. Francis hit Bailey, who was handcuffed, several times with his flashlight, causing profuse bleeding from Bailey's forehead. He also threw Bailey to the ground face first.[3] Bailey was transported to Calais Hospital by ambulance where he received eight stitches over each eye.

At Francis's trial for assault, the State moved to admit evidence of Bailey's post-arrest hospital records consisting of a record of the emergency room treatment of Bailey following the incident in which Francis struck Bailey. The treating physician who prepared the records was out of state and not available to testify. Francis did not contest the *authenticity* of the records, but objected to their admission as a violation of his sixth amendment right to confront and cross-examine witnesses. The records were admitted in redacted form.[4] Francis was convicted of assault following a three-day trial. Francis's motion for a new trial was denied and he was sentenced to thirty days in jail and ordered to pay $460 in restitution. This appeal followed.

The sixth amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. It is well settled, however, that the confrontation clause does not require the exclusion of all hearsay evidence. *Dutton v. Evans*, 400 U.S. 74, 80, 91 S.Ct. 210, 215, 27 L.Ed.2d 213 (1970).

> [W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

*State v. Twist*, 528 A.2d 1250, 1257 (Me. 1987) (quoting *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)).

The hospital records in this case were admitted pursuant to 16 M.R.S.A. § 357

---

1. Bailey had been arrested for assault, Polches was arrested for obstructing government administration.

2. It is unclear what caused the vehicle to come to a complete stop. Francis testified that Bailey had kicked the shift lever, causing Francis to lose control of the vehicle.

3. Francis testified that Bailey was not injured when he was thrown to the ground and that Bailey fell on his backside. Francis stated that he tried to restrain Bailey by holding him face down, that Bailey rolled over and tried to kick Francis several times, and that he hit Bailey only to keep him restrained.

4. Before admitting the hospital report, the court complied with the provision in 16 M.R.S.A. § 357 (Supp.1991) restricting portions of hospital records that refer to liability. Deleted from the hospital records admitted here were sentences describing the manner in which Richard Bailey was injured. The dispute as to the admissibility of the hospital records arose over the references in the report to Bailey's intoxication. The evidence at trial was conflicting as to what extent Bailey was intoxicated. One sentence in the report stating that "[t]here was absolutely no smell of alcohol on his breath whatsoever, and a blood alcohol level was determined not to be necessary in my estimation as there is very little question of intoxication in this case" was deleted. The version of the report that was admitted into evidence, however, clearly concluded that Bailey was not intoxicated.

(Supp.1991). That section provides in pertinent part:

> Records kept by hospitals and other medical facilities licensed under the laws of this State ... shall be admissible, as evidence in the courts of this State so far as such records relate to the treatment and medical history of such cases and the court shall admit copies of such records, if certified by the persons in custody thereof to be true and complete, but nothing therein contained shall be admissible as evidence which has reference to the question of liability.

Because Francis does not contest the authenticity of the hospital records, the only issue before us is whether their admission into evidence at his trial in the absence of the physician who prepared them deprived Francis of his sixth amendment right to confront witnesses. We conclude that hospital records under section 357 fall within a "firmly rooted hearsay exception" within the meaning of *Ohio v. Roberts*, and thus their admission in this case did not violate Francis's sixth amendment rights. Treating physicians have every reason to be truthful, accurate, and complete when preparing hospital records, and they have no motive to lie. Given the fact that doctors and other hospital staff deal with so many cases each day, there seems to be little to be gained by calling them to the stand. *See* 6 Wigmore, *Evidence* § 1707 at 51–52 (1976). Although section 357 dates back only to 1969 (P.L.1969, ch. 384), prior to 1969, hospital records could be admitted under the hearsay exception for business records, *see* M.R.Evid. 803(6), or for medical diagnosis or treatment.[5] *See* M.R.Evid. 803(4).

Although Francis contends that the hospital records should have been excluded because they are confusing, inconsistent, and raise questions about the physician's objectivity, those contentions are not supported in the record, and in the absence of a challenge to the authenticity of the records, there was no error in their admission.

---

**5.** The United States Supreme Court has deemed statements for purposes of medical diagnosis or treatment to be "firmly rooted" exceptions to the hearsay rule for confrontation clause purposes. *See White v. Illinois*, 502 U.S. ——, ——, 112 S.Ct. 736, 743, 116 L.Ed.2d 848, 860 (1992).