Rcavd - 7-6-01.

STATE OF MAINE
Cumberland, ss.

SUPERIOR COURT
Criminal Action
Docket No. CR-00-1031 ✓
TED-CUM-7/6...

STATE OF MAINE,

v.

PAMELA GOOGOO

        Defendant

DECISION AND ORDER

## I. BACKGROUND

The defendant is charged by indictment with aggravated operating under the influence (29-A M.R.S.A. § 2411), Class C, and reckless conduct with a dangerous weapon (17-A M.R.S.A. §-A M.R.S.A. §-A M.R.S.A. §-A M.R.S.A. M.R.S.A. § 211), Class C.

The charges against the defendant stem from a motor vehicle accident in Casco, Maine on July 18, 1998. The court is informed that the defendant was initially charged in the District Court (Bridgton) with one or more criminal offenses or traffic infractions arising out of the accident. [1]

The accident occurred on a rural road in the town of Casco when the defendant's vehicle veered into the travel lane of another vehicle. There was a head-on collision resulting in serious injuries to the drivers of both cars. They were

---

[1] The District Court records are not part of the docket or records in Superior Court. The court has ordered that the District Court records be transferred to this court. The court is informed that when it sought to obtain the defendant's medical records from MMC, the hospital filed a Motion to Quash. The District Court allowed the State to only receive the results of the test and nothing more. After getting the test result indicating that the defendant had an excessive blood-alcohol level, it did not seek further process to get additional information even thought the basis to establish probable cause under section 357 was increased with knowledge of the test result.

each taken to the hospital. The investigating officers determined that there was reason to believe that Ms. Googoo had been drinking beer before the accident and that her consumption of alcohol may have been a contributing factor.

The trooper went to Maine Medical Center (MMC) to get a blood sample, but because of the defendant's condition and the events taking place in the emergency room area he was not able to get a blood sample using the kit approved by the Department of Human Services (DHS). See 29-A M.R.S.A. § 2431(2).

## II. TEST RESULTS

In the regular course of examination and treatment in the emergency room, hospital personnel routinely take a number of blood samples for immediate transfer to the laboratory for diagnosis and other purposes. A test was performed on the defendant's blood to detect the presence of alcohol which produced a result of "Ethanol 222 mg/dl." *See* State's exhibit #1. [2]

The State learned of the test result, but not any other information concerning the taking of the blood sample, when it subpoenaed the defendant's medical records from MMC.

At trial the State says it will seek to admit the test result pursuant to 16 M.R.S.A. § 357 which states in part:

> **Hospital records and copies of records**
> Records kept by hospitals and other medical facilities licensed under the laws of this State . . . shall be admissible, as evidence in the courts of this State so far as such records relate to the treatment and medical history of such cases and the court shall admit copies of such records, if certified by the persons in custody thereof to be true and

---

[2] For purposes of this hearing, counsel agreed that this level of ethanol would translate into approximately 0.18% +/- to establish a blood-alcohol level for prosecution under 29-A M.R.S.A. § 2411, Criminal OUI.

complete, but nothing therein shall be admissible as evidence which has reference to the question of liability. . . .

Notwithstanding this section, the result of a laboratory or any other test kept by a hospital . . . which reflects the blood-alcohol concentration, shall not be excluded as evidence in a criminal . . . proceeding by reason of any claim of confidentiality or privilege and *may be admitted provided that the result is relevant and reliable evidence* if the proceeding is one in which the operator of a motor vehicle . . . is alleged to have operated under the influence . . . and the court is satisfied that probable cause exists to believe that the operator committed the offense charged.  (emphasis added)

16 M.R.S.A. § 357, P.L. 1987, C. 791, § 3. [3]

## III. RELIABILITY

The defendant has filed a motion asking the court to rule on the admissibility of evidence concerning the defendant's blood-alcohol level.  At the request of counsel, the court held an evidentiary hearing and finds that a blood sample was taken from the defendant during routine and regular treatment for her injuries at the hospital, as opposed to the more common process under 29-A M.R.S.A. § 2431 *et seq.*.

Upon the defendant's challenge to admission of the test result, the State offered evidence that blood is routinely taken from patients in the emergency room pursuant to standard hospital procedures and that it is examined and tested soon afterwards in the laboratory also according to standard procedures.

## IV. DISCUSSION

Section 357 and M.R.Evid. 803(4) (Statements for Purposes of Medical Diagnosis or Treatment) allow certain records and test results into evidence without

---

[3] Neither the court nor counsel were able to find any recorded legislative history of the 1987 amendment allowing into evidence results of hospital blood-alcohol test results which was part of a number of statutory changes relating to prosecution for operating under the influence.

further foundation because of the inherent reliability of hospital practices where doctors and healthcare personnel routinely rely upon records and test results for the purpose of treatment and rehabilitation of the patients, often in critical and life-threatening situations. Their primary purpose, however, is not for admission as evidence in a criminal case.

The blood test procedures required under Maine's OUI statutes recognize that this evidence is most commonly gathered outside of hospital settings and involve the interaction of personnel from multiple of disciplines with people who are under the influence and may be less than cooperative or understanding.

In this case, the State offered no information as to the identity of the person who took the blood sample, how it was taken, from where it was taken and what was done with it for transfer to the laboratory. The State was also unable to offer evidence as to the testing procedures utilized by the laboratory in this particular case. Section 357 allows the admission of the test result if it is "relevant and reliable." It is clearly relevant, but the defendant has raised substantial question as to its reliability and the State has not rebutted the questions raised by the defense. In a criminal proceeding, the burden is clearly on the State to show the result to be reliable.

The State relies upon *State v. Francis*, 610 A.2d 743 (Me 1992) for the proposition that hospital records are admissible without attesting witnesses. *Francis* is distinguishable because it did not contest the reliability of the evidence, but rather, challenged the conviction on the basis that the defendant had been deprived of his 6th Amendment right to confront witnesses. *Francis* is, however, instructive, because it establishes that hospital records are inherently reliable. The Court stated

that "treating physicians have every reason to be truthful, accurate, and complete when preparing hospital records, and they have no motive to lie." *id.* at 745. But here, the defendant has not challenged the accuracy of the records. He has put the State to its proof of the reliability of the testing process. The State has not met the challenge.

## V. DECISION AND ORDER

The clerk will make the following entry as the Order of the court:

After hearing, the court determines that the State has not proven that the test results are sufficiently reliable to be introduced as evidence in a criminal proceeding.

Blood-alcohol test results as determined from the blood taken from Pamela Googoo in the emergency room at Maine Medical Center and tested in the hospital laboratory are excluded as evidence.

So Ordered.

Dated: July 6, 2001

Thomas E. Delahanty II
Justice, Superior Court

STATE OF MAINE
  vs
PAMELA  GOOGOO
RFD 2 BOX 577
  SCO ME 04015

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CR-2000-01031

## DOCKET RECORD

DOB: 01/19/1959
Attorney: MATTHEW NICHOLS
        RETAINED 08/02/2000

State's Attorney: STEPHANIE ANDERSON

Filing Document: INDICTMENT
Filing Date: 07/07/2000

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1    AGGRAVATED OPERATING UNDER THE INFLUENCE    07/18/1998 CASCO                PARADIS           / MSP
    29-A    2411(1)                 Class C

2    RECKLESS CONDUCT WITH A DANGEROUS WEAPON    07/18/1998 CASCO                PARADIS           / MSP
    17-A    211(1)                  Class C

## Docket Events:

07/10/2000 FILING DOCUMENT - INDICTMENT FILED ON 07/07/2000

07/12/2000 Charge(s):  1,2
        HEARING - ARRAIGNMENT SCHEDULED FOR 08/07/2000 @ 8:30

        SCHEDULED WITH ATTORNEY.
08/02/2000 ATTORNEY - RETAINED ENTERED ON 08/02/2000

        Attorney:  MATTHEW NICHOLS
        ATTORNEY FOR PARTY 002 DEFENDANT
08/08/2000 Charge(s):  1,2
        HEARING - ARRAIGNMENT HELD ON 08/07/2000
        ELLEN A GORMAN , JUSTICE
        Attorney:  MATTHEW NICHOLS

        DA:  ROBERT RUFFNER        Reporter: PHILIP GALUCKI
        Defendant Present in Court
        READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
        DEFENDANT.  21 DAYS TO FILE MOTIONS
08/08/2000 Charge(s):  1,2
        PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 08/07/2000

08/08/2000 BAIL BOND - PR BAIL BOND SET BY COURT ON 08/07/2000

        WITH CONDITIONS:  1) NO EXCESSIVE USE OF ALCOHOL.  2) SUBMIT TO RANDOM SEARCHES AND
        TESTING AT REQUEST OF LAW ENFORCEMENT OFFICER.  3) NO CONTACT DIRECT OR INDIRECT WITH ANY
        OF THE VICTIMS.
08/08/2000 BAIL BOND - PR BAIL BOND FILED ON 08/07/2000

        Date Bailed: 08/07/2000

## Conditions of Bail:

Printed on: 07/09/2001

Submit to random search and testing for alcohol upon reasonable suspicion of use or possession.

Restrictions:NO EXCESSIVE USE OF ALCOHOL

Have no contact with...

1    LISA  ELLIS
2    LORI  STROUT
3    MALCOLM  THURLOW

and the family of said person(s).

08/29/2000 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 08/29/2000

08/30/2000 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/29/2000
           THOMAS E DELAHANTY II, JUSTICE
           COPY TO PARTIES/COUNSEL

09/28/2000 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 09/28/2000

10/18/2000 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/18/2000

10/27/2000 TRIAL - JURY SCHEDULED FOR 12/01/2000

           NOTICE TO PARTIES/COUNSEL

11/09/2000 MOTION - MOTION TO DISMISS DENIED ON 11/08/2000
           CARL O BRADFORD , JUSTICE
           COPY TO PARTIES/COUNSEL - ULTIMATE WANCTION OF DISMISSAL IS TOO HARSH IN VIEW OF THE
           NATURE OF THE CHARGES.  THERE WAS NO WILFUL DISREGARD OF THE COURT'S ORDER.  THE DEFENDANT
           SHALL HAVE UNTIL NOVEMBER 17, 2000 TO FILE FURTHER MOTIONS.

11/09/2000 HEARING - MOTION TO DISMISS HELD ON 11/08/2000
           CARL O BRADFORD , JUSTICE
           Attorney:  MATTHEW NICHOLS

           DA:  MATTHEW TICE          Reporter: TIMOTHY THOMPSON
           Defendant Present in Court

11/17/2000 HEARING - MOTION TO SUPPRESS CONTINUED ON 11/16/2000
           STEPHEN L PERKINS , JUSTICE
           Defendant Not Present in Court

12/21/2000 TRIAL - JURY NOT REACHED ON 12/21/2000

12/21/2000 TRIAL - JURY SCHEDULED FOR 02/02/2001

           NOTICE TO PARTIES/COUNSEL

02/16/2001 TRIAL - JURY SCHEDULED FOR 02/23/2001 @ 8:30

           NOTICE TO PARTIES/COUNSEL

02/23/2001 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 02/26/2001 @ 1:00

           NOTICE  TO PARTIES/COUNSEL

02/28/2001 HEARING - MOTION TO SUPPRESS HELD ON 02/26/2001
           NANCY  MILLS , JUSTICE
           Attorney:  MATTHEW NICHOLS

Printed on: 07/09/2001

DA:  MATTHEW TICE          Reporter: DIANE MCMANUS
Defendant Not Present in Court
MOTION TO SUPPRESS: WITHDRAWN. MOTION IN LIMINE: ADMISSABILITY OF TEST RESULT. MOTION FOR
EXPERT WITNESS REPORTS: STATE HAS UNTIL MAR. 15TH TO PROVIDE THE INFORMATION THEY HAVE AND
DEFENSE HAS UNTIL MAR. 22 TO RESPOND. CASE WILL BE PUT ON THE APRIL LIST.
03/30/2001 TRIAL - JURY CONTINUED ON 02/23/2001


03/30/2001 TRIAL - JURY CONTINUED ON 02/02/2001


03/30/2001 TRIAL - JURY SCHEDULED FOR 04/06/2001 @ 8:30


        NOTICE TO PARTIES/COUNSEL
04/06/2001 TRIAL - JURY CONTINUED ON 04/06/2001


        PUT ON CALL FOR 4-13-01.
04/09/2001 Charge(s):  1,2
        HEARING - RULE 11 HEARING SCHEDULED FOR 04/13/2001 @ 8:30


        NOTICE TO PARTIES/COUNSEL
04/13/2001 Charge(s):  1,2
        HEARING - RULE 11 HEARING CONTINUED ON 04/13/2001


04/20/2001 MOTION - MOTION FOR SPECIAL ASSIGNMENT FILED BY DEFENDANT ON 04/20/2001


        Attorney:  MATTHEW NICHOLS
04/23/2001 MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 04/23/2001


06/14/2001 OTHER FILING - ORDER FILED ON 06/14/2001
        THOMAS E DELAHANTY II, JUSTICE
        COPIES TO PARTIES/COUNSEL  MEMOS REGARDING MOTION IN LIMINE TO BE FILED BY JUNE 27, 2001
06/19/2001 HEARING - MOTION IN LIMINE SCHEDULED FOR 07/02/2001 @ 9:00


        NOTICE  TO PARTIES/COUNSEL
06/19/2001 HEARING - MOTION IN LIMINE NOTICE SENT ON 06/19/2001


        COPY SENT TO JUSTICE DELAHANTY, AND BOTH PARTIES
06/28/2001 OTHER FILING - MEMORANDUM OF LAW FILED ON 06/27/2001



        DA:  MATTHEW TICE
06/28/2001 OTHER FILING - MEMORANDUM OF LAW FILED ON 06/27/2001


        Attorney:  MATTHEW NICHOLS
07/05/2001 OTHER FILING - ORDER FILED ON 07/05/2001
        THOMAS E DELAHANTY II, JUSTICE
        COPIES TO PARTIES/COUNSEL. THE CLERK OF THE DISTRICT COURT FORWITH TRANSFER TRANSFER TO
        THE CLERK OF THIS COURT THE ENTIRE ORIGINAL FILES, OR ATTESTED COPIES THEREOF, INCLUDING
        ALL DOCKET ENTRIES, OF ALL MATTERS RELATED TO ANY PROSECTION AGAINST THIS DEFENDANT BASED
        UPON THE ACCIDENT THAT IS SUBJECT OF THIS CASE. THE CLERK SHALL INCORPORATE THIS ORDER
        INTO THE DOCKET BY REFERENCE. SO ORDERED.
07/06/2001 MOTION - MOTION IN LIMINE GRANTED ON 07/06/2001
        THOMAS E DELAHANTY II, JUSTICE

COPY TO PARTIES/COUNSEL. SEE DECISION AND ORDER.

7/09/2001 OTHER FILING - ORDER FILED ON 07/06/2001

THOMAS E DELAHANTY II, JUSTICE

COPIES TO PARTIES/COUNSEL. AFTER HEARING, THE COURT DETERMINES THAT THE STATE HAS NOT PROVEN THAT THE TEST RESULTS ARE SUFFICIENTLY RELIABLE TO BE INTRODUCED AS EVIDENCE IN A CRIMINAL PROCEEDING. BLOOD-ALCOHOL TEST RESULTS AS DETERMINED FROM THE BLOOD TAKEN FROM PAMELA GOOGOO IN THE EMERGENCY ROOM AT MAINE MEDICAL CENTER AND TESTED IN THE HOSPITAL LABORATORY ARE EXCLUDED AS EVIDENCE.

## Exhibits

07/02/2001 DEFENDANT, Exhibit#S1, CERTIFICATION STANDARDS (DHS RULES), Adm w/o obj on 07/02/2001.

07/02/2001 DEFENDANT, Exhibit#S2, SAMPLE COLLECTION (DHS RULES), Adm w/o obj on 07/02/2001.

07/02/2001 STATE, Exhibit#S1, TEST RESULT FROM MMC OF DEFENDANT, Adm w/o obj on 07/02/2001.

07/02/2001 STATE, Exhibit#S2, PHOTO (MAYBERRY HILL ROAD), Adm w/o obj on 07/02/2001.

07/02/2001 STATE, Exhibit#S3, PHOTO (MAYBERRY HILL ROAD), Adm w/o obj on 07/02/2001.

07/02/2001 STATE, Exhibit#S4, PHOTO (GOOGOO VEHICLE), Adm w/o obj on 07/02/2001.

07/02/2001 STATE, Exhibit#S5, PHOTO (ELLIS VEHICLE), Adm w/o obj on 07/02/2001.

A TRUE COPY

ATTEST: _____

　　　　　　　　Clerk